UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
: 
ACROPOLIS GARDENS REALTY CORP. and :
ACROPOLIS HOLDINGS, LLC, : Civil Action No. _____
:
Plaintiffs, :
: **NOTICE OF REMOVAL**
- against - :
:
SIGNATURE BANK and KEVIN J. HARDIMAN, :
:
Defendants. :
:
------------------------------------------------------------------ x

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441(a), the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as the Receiver for Signature Bank ("FDIC-Receiver"), hereby removes the above-captioned action currently pending in the Supreme Court of the State of New York, Queens County, under Index No. 724304/2021, to the United States District Court for the Eastern District of New York.  The FDIC-Receiver reserves all defenses and rights available to it.  As grounds for the removal of this case, the FDIC-Receiver states as follows:

**BACKGROUND**

1. On March 12, 2023, the New York State Department of Financial Services closed Signature Bank ("Signature" or the "Bank") and appointed the FDIC as the Bank's Receiver.  (A copy of the Appointment and Acceptance Letters is attached hereto as Exhibit A.)  Pursuant to that appointment, the FDIC-Receiver took charge of Signature's assets and affairs, and is charged with the duty of winding up Signature's National's affairs.  *See* 12 U.S.C. § 1821(d)(2)(A)(i).

1

3716299.3

2. Upon its appointment, FDIC-Receiver succeeded by operation of law to "all rights, titles, powers and privileges" of Signature, and is vested with the power to resolve outstanding claims against the institution in receivership. 12 U.S.C. §§ 1821(d)(2)(A)(i); 1821(d)(3).

3. On or about October 29, 2021, plaintiffs Acropolis Gardens Realty Corp. and Acropolis Holdings, LLC ("Plaintiffs"), filed a Summons with Notice against Signature and one individual defendant, Kevin Hardiman, a Signature banker, in the Supreme Court of the State of New York, Queens County, under Index No. 724304/2021 (the "State Court Action"). On March 28, 2022, after a demand made by Signature, Plaintiffs filed their complaint in the State Court Action.

4. In the complaint, Plaintiffs (a residential cooperative in Queens, and its wholly-owned subsidiary) allege that Signature and Hardiman permitted Plaintiffs' former property manager, Steve H. Osman, and his company, Metropolitan Pacific Properties, Inc. ("MetPac"), to open accounts at Signature, in or about June 2011, without proper authorization from Plaintiffs.  Plaintiffs claim that Osman and MetPac proceeded to misappropriate over $7 million from Plaintiffs by making telephone transfers of funds from their accounts to other accounts maintained or controlled by Osman and/or MetPac, as well as to Osman's relatives, one of his employees, and a number of entities allegedly run by one of his alleged associates.  Plaintiffs further assert that Osman and MetPac caused Plaintiffs' funds to be commingled with the funds of other properties MetPac managed.  Plaintiffs claim that as a result, plaintiff Acropolis Gardens Realty Corp. defaulted on its mortgage, causing it to spend almost $6 million to bring its mortgage current.  Plaintiffs further claim that Signature and Hardiman facilitated Osman and MetPac's wrongful conduct.  Plaintiffs assert claims against Signature for breach of fiduciary duty, commercial bad faith, and unjust enrichment.  Plaintiffs seek $13,490,000 in

3716299.3

compensatory damages, plus $40,470,000 in punitive damages.  (A copy of the Summons and Complaint are attached as Exhibit B.)

5. After Signature was closed on March 12, 2023 and the FDIC was appointed as receiver, the FDIC-Receiver became the proper party in interest to oppose Plaintiffs' claims against the failed institution.

6. Accordingly, on March 27, 2023, the FDIC-Receiver filed a Notice of Substitution in the State Court Action.  Pursuant to that Notice, the FDIC-Receiver was substituted as the defendant in the action in place of Signature.  (A copy of the Notice of Substitution is attached as Exhibit C.)

7. On May 5, 2022, Signature and Hardiman filed a motion to transfer this action to Supreme Court of the State of New York, New York County, and to dismiss the Complaint.  Plaintiffs also agreed to stay discovery while the motion is pending.  On February 15, 2023, the Court issued an order granting Signature and Hardiman's motion to transfer, and denying their motion to dismiss without prejudice to be renewed after transfer.  A copy of that order is attached as Exhibit D.  The clerk's office of the Supreme Court of the State of New York, Queens County has not yet transferred the case to New York County.  On March 17, 2023, Plaintiffs filed (a) a notice of appeal, with respect to the order granting Signature and Hardiman's motion to transfer; and (b) a motion to reargue that same order.  Neither Signature nor Hardiman has filed papers in opposition to the motion to reargue; and neither defendant has answered the complaint yet.

**BASIS FOR REMOVAL**

8. The FDIC-Receiver has a statutory right to remove cases in which it is a party, from state court to federal court pursuant to the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), *as amended*, 12 U.S.C. § 1819 *et seq*.  Specifically,

3

3716299.3

12 U.S.C. § 1819(b)(2)(B) provides that "the Corporation may, without bond or security, remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." *See also In re Franklin Nat. Bank Sec. Lit.*, 532 F.2d 842, 846 (2d Cir. 1976) (§ 1819 provides for removal of suits to which FDIC is a party and in removals by FDIC, the requirement that "all defendants join in the petition for removal [is] inapplicable.")

9. The FDIC-Receiver was substituted as a defendant in the action in place of Signature on March 27, 2023. Therefore, this removal is brought within the 90-day limitations period set forth under 12 U.S.C. § 1819(b)(2)(B). The FDIC-Receiver's removal is not within an exception set forth in 12 U.S.C. § 1819(b)(2)(D).

10. Pursuant to 12 U.S.C. §§ 1819(b)(2)(B) and 1819(b)(4), the FDIC-Receiver is not required to post any bond and is not subject to payment of filing fees in the United States District Courts.

11. Pursuant to 28 U.S.C. § 1446(d), the FDIC-Receiver will promptly file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of New York, and will promptly serve notice of the filing of this removal to all parties of record in the State Court Action. (A true and correct copy of the Notice of Filing of Notice of Removal (without the attached Notice of Removal) is attached as Exhibit E.)

12. Venue properly lies with this Court, pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Supreme Court of the State of New York, Queens County.[1]

---

[1] As noted above, the Supreme Court of the State of New York, Queens County, has granted Signature's motion to transfer this case to New York County. Because the court clerk in Queens County has not yet transferred the case, the FDIC-Receiver is removing this case to the

13. A copy of all process, pleadings and orders served upon FDIC-Receiver is attached to this Notice of Removal at Exhibit F.

Dated: New York, New York
      March 28, 2023

**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR SIGNATURE BANK**

By its attorneys

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP

_____
John N. Orsini (jorsini@fklaw.com)
Jamuna D. Kelley (jkelley@fklaw.com)
7 Times Square
New York, NY  10036-6516
(212) 833-1100

and

FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION

By: */s/ Sonya Levine*
   Sonya Levine (SLevine@FDIC.gov)
   3501 Fairfax Drive
   Arlington, Va. 22226
   (703) 562-278-3350

---

United States District Court for the Eastern District of New York.  The FDIC-Receiver intends to seek transfer to the Southern District of New York, to effectuate the decision by the State Court on Signature's motion to transfer to New York County.